UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE STIPE (#152145)

VERSUS                                          CIVIL ACTION

R. BUTLER, ET AL                                NUMBER 14-217-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 20, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE STIPE (#152145)

VERSUS                                          CIVIL ACTION

R. BUTLER, ET AL                                NUMBER 14-217-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion to Dismiss. Record document number 19. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Robert Butler, Jr. and Col. Jimmy Smith. Plaintiff alleged that the defendants subjected him to unconstitutional conditions of confinement and issued him a retaliatory disciplinary report.

**I. Factual Allegations**

Plaintiff alleged that he wrote letters to the defendants complaining about unspecified unsanitary conditions at the prison. Plaintiff alleged that he was subsequently required to wear an unclean jumpsuit for more than 30 days. Plaintiff alleged that as

---

[1] Record document number 21, Declaration in [] Opposition to Defendants Motion to Dismiss.

a result he contracted a "staph" infection.[2] Plaintiff alleged that when he refused to put on the unclean jumpsuit Col. Smith retaliated against him by instructing another correctional officer to issue the plaintiff a disciplinary report.[3] Plaintiff further alleged that security officers are used as dieticians although they lack any education regarding food preparation.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[2] Presumably the plaintiff is referring to staphylococcus aureus.

[3] Although not specifically alleged in the complaint, the Disciplinary Report was for Aggravated Disobedience ("Offender Bruce Stipe #152145 refused to get dressed for Pill Call"), and was issued by Sgt. Malcon Handy. Record document number 63-4, plaintiff's motion for summary judgment Exhibit 4, p. 5.

2

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted).

**B. Eleventh Amendment Immunity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official

3

capacity.

A review of the record showed that the plaintiff moved to amend his complaint to assert claims against the defendants in their individual capacities only.[4] The motion to amend the complaint was granted.[5]

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights.

**C. Unconstitutional Conditions of Confinement**

Plaintiff alleged that the defendants subjected him to unconstitutional conditions of confinement. Plaintiff argued that jumpsuits are supposed to be issued daily. Plaintiff alleged that he was required to wear the same unclean jumpsuit, which was marked with blood and discharges from sores, for more than 30 days. Plaintiff alleged that although he had contracted an infection he was still required to wear the same unclean jumpsuit. Plaintiff alleged that when he refused to wear the jumpsuit, Col. Smith caused him to be issued a disciplinary report.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285

---

[4] Record document number 23.

[5] Record document number 28.

4

(1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[6]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

The allegation that the defendants subjected the plaintiff to an unconstitutional condition of confinement - namely, that he was required to wear the same unclean jumpsuit for more than 30 days - is sufficient to state a claim upon which relief can be granted.

**D. Retaliation**

Plaintiff alleged that after he refused to put on the unclean jumpsuit Col. Smith caused him to be issued a disciplinary report.

---

[6] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting `maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

To prevail on a claim of retaliation, a prisoner must establish four elements (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods*, 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right").

Here, the plaintiff failed to point to a specific constitutional right that was violated. Plaintiff conceded that he was issued a disciplinary report immediately after he refused to comply with direct orders to put on the jumpsuit. The issuance of a false or unfair disciplinary report does not rise to the level of a constitutional violation. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984).

Plaintiff's allegation that Col. Smith retaliated against him by causing him to be issued a disciplinary report fails to state a claim upon which relief can be granted.

6

**E. Food Preparation**

Plaintiff alleged that security officers are used as dieticians although they lack any educational training regarding food preparation.

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986). Plaintiff's allegations regarding the use of security guards in the preparation of food simply does not rise to the level of a constitutional violation.

Moreover, to be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Butler and Col. Smith are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted in part, dismissing all of the plaintiff's claims except his claim that the defendants

7

subjected him to unconstitutional conditions of confinement when they required him to wear an unclean jumpsuit for more than 30 days, and that this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, January 20, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE