UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE STIPE (#152145)

VERSUS                                            CIVIL ACTION

R. BUTLER, ET AL                       NUMBER 14-217-JJB-SCR

### **RULING ON MOTION TO AMEND**

Before the court is the plaintiff's Motion to Amend and Motion to Clarify Facts and Require Production of Administrative Record in Both ARP-LSP-2013-3429 and ARP-LSP-2013-3595. Record document number 72. Defendants Warden Robert Butler, Jr. and Col. Jimmy Smith filed an opposition.[1]

Plaintiff's motion was filed within 21 days after the defendants filed their answer on March 3, 2015.[2] In their answer the defendants asserted that the plaintiff failed to exhaust available administrative remedies.[3] Although lengthy and somewhat confusing, it appears that the plaintiff does not seek to add any claims or amend his current remaining claim. Plaintiff seeks only to amend his complaint to allege that he exhausted his administrative remedies through ARP LSP-2013-3595, as well as ARP-LSP 2013-3429 as previously alleged in the complaint. This aspect

---

[1] Record document number 74.

[2] Record document number 71, Answer and Defenses With Jury Demand.

[3] *Id.* at 3, ¶ C(2))

of the plaintiff's motion is granted pursuant to Rule 15(a)(2)m Fed.R.Civ.P.

Insofar as the plaintiff sought to require the defendants to provide him with copies of ARP-LSP-2013-3429 and ARP-LSP-2013-3595 and to also file them in the record, that aspect of the motion is denied without prejudice to the plaintiff seeking production of the ARPs pursuant to Rule 34, Fed.R.Civ.P.

Accordingly, the plaintiff's Motion to Amend and Motion to Clarify Facts and Require Production of Administrative Record in Both ARP-LSP-2013-3429 and ARP-LSP-2013-3595 is granted only to the extent that his complaint is deemed amended to allege in Part I that he also exhausted his administrative remedies in ARP-LSP-2013-3595. Defendants are required to file an answer to the complaint, as deemed amended, only as to whether they admit or deny that the plaintiff exhausted his administrative remedies. In all other respects the plaintiff's motion is denied.

Baton Rouge, Louisiana, March 24, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE